UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE:

GREAT LAKES AG, LLC,                              Case No. 10-09519-AJM-11
                                                  (Chapter 11)
         Debtor.                                  Hon. Anthony J. Metz
_____/

## MOTION OF PNCEF, LLC FOR RELIEF FROM STAY

PNCEF, LLC, formerly known as National City Commercial Capital Company, LLC ("PNCEF"), by its attorneys, Plunkett Cooney, moves pursuant to 11 U.S.C. §362(d) for relief from the automatic stay.  This Motion is based upon the following:

1.      Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code on June 24, 2010 ("Petition Date").  Debtor is a Michigan limited liability company.  The Debtor and its principal, Willy van Bakel, are related to Vreba-Hoff Dairy Development, which has brought Dutch dairy farmers to the United States and is facing lawsuits from farmers, lenders and suppliers alleging that millions of dollars are owed and funds were misused.  See Lauren Etter, Plenty of Spilled Milk to Cry Over for Dairymen Lured to U.S., Wall St. J., February 16, 2010.

2.      This Motion is classified as a core proceeding which this Court has the power to hear pursuant to 28 U.S.C. §157(b)(2)(G).

3.      On or about September 12, 2007, PNCEF and Debtor entered into a Master Lease Agreement, as amended and supplemented ("Lease"), in regard to certain equipment.  The equipment and other property described in and covered under the Lease (and as further described in the financing statements attached as Exhibit B to this Motion) are referred to as the "Equipment."   A copy of the Lease is attached as **Exhibit A**.

4. Financing statements have been filed with the Michigan Secretary of State as a precaution if the transactions are deemed to be transactions other than a lease. Copies of the financing statements dated September 17, 2007, October 22, 2007, November 6, 2007, November 19, 2007, December 31, 2007, March 26, 2008, May 8, 2008, May 27, 2008, and July 3, 2008, are attached as **Exhibit B**.

5. Debtor's last payment to PNCEF was on May 2, 2009. Debtor defaulted under the Lease as it failed to remit to PNCEF lease payments totaling $889,208.04 by February 18, 2010.

6. On or about March 4, 2010, PNCEF filed a Complaint in the Lenawee County (Michigan) Circuit Court against Debtor, Willy van Bakel, Dirk Z. Maat, and Vreba-Hoff Dairy Development, L.L.C for a money judgment and possession of the Equipment. A copy of the Complaint, without exhibits, is attached as **Exhibit C.**

7. On or about March 12, 2010, Debtor, PNCEF, Willy van Bakel, Dirk Z. Maat, and Vreba-Hoff Dairy Development, L.L.C. entered into a Settlement Agreement. A copy of the Settlement Agreement is attached as **Exhibit D.**

8. Debtor was in default under the Settlement Agreement for among other things, failing to make any of the payments required under the Settlement Agreement. Moreover, PNCEF discovered that Debtor had converted some of the Equipment by selling it to Green Dairy, LLC for $375,034.00 on or about January 30, 2008, without PNCEF's consent and without turning over the sale proceeds to PNCEF. Copies of documents evidencing the unauthorized transfer of some of the Equipment are attached as **Exhibit E**.

9. Pursuant to the Settlement Agreement, PNCEF obtained entry on June 1, 2010 of a Consent Judgment against Debtor, Willy van Bakel, Dirk Z. Maat, and Vreba-Hoff Dairy Development, L.L.C ("Judgment"). The Judgment was final and non-appealable on June 22,

2010, prior to the Petition Date. Michigan Court Rule 7.204(A)(1)(a). The Judgment grants PNCEF a money judgment, possession of the Equipment, and authority to sell the Equipment. A copy of the Judgment is attached as **Exhibit F.**

10. In accordance with the Judgment, PNCEF sent trucks to repossess the Equipment on June 24, 2010. That same morning, Debtor filed its Chapter 11 petition and PNCEF immediately ceased its repossession efforts as a result of the automatic stay.

11. As of the Petition Date, not less than $4,245,344.24 was owed under the Judgment. As provided in the Judgment, which has res judicata effect, the value of the Equipment is less than the amount owing to PNCEF.

12. The Lease was terminated pre-petition. PNCEF provided notice of termination of the Lease in the Complaint filed on or about March 4, 2010. The Lease then was superseded by the final and non-appealable Judgment. If a contract has been terminated pre-petition, there is nothing left for the debtor to assume. Moody v. Amoco Oil Co., 734 F.2d 1200, 1212 (7th Cir. 1984).

13. Cause to lift the automatic stay exists under Section 362(d)(1) of the Bankruptcy Code. The Equipment is not property of the estate under 11 U.S.C. §541 subject to the automatic stay. The Lease was terminated pre-petition and superseded by the final Judgment. Under Moody, supra, there is nothing left for the Debtor to assume and a contract terminated pre-petition cannot be property of the estate. Moreover, PNCEF has title and ownership of the Equipment pursuant to the Lease and the Judgment so the Equipment is not property of the estate.

14. Michigan Compiled Laws 440.9601(1) and (6) permit a creditor to exercise rights outside of Article 9 of the Uniform Commercial Code. By reducing its claim to a final Judgment, PNCEF is not required to comply with the requirements for non-judicial collateral

dispositions in Article 9. Therefore, by the terms of the final Judgment, Debtor has no redemption rights in the Equipment if the Lease is deemed a transaction other than a lease.

15. Assuming that the Equipment is property of the estate and the Lease is deemed a transaction other than a lease, cause to lift the automatic stay exists under Section 362(d)(1) because PNCEF is not adequately protected. PNCEF is informed and believes that the value of the Equipment is continuously diminishing. PNCEF's interest in such Equipment is not adequately protected because periodic payments are not being made to PNCEF post-petition.

16. Alternatively, cause exists to lift the automatic stay pursuant to Section 362(d)(2). Section 362(d)(2)(A) is satisfied because the Debtor has no equity in the Equipment. The Judgment provides that "the value of the Equipment is less than the judgment amount."

17. Section 362(d)(2)(B) is satisfied because the Equipment is not necessary for an effective reorganization. Property in which the Debtor has no interest is not necessary for an effective reorganization. It is the Debtor's burden to establish that the Equipment is necessary to an effective reorganization. 11 U.S.C. §362 (g). "What this requires is not merely a showing that if there is conceivably to be an effective reorganization, this property will be needed for it; but that the property is essential for an effective reorganization that is *in prospect*. This means … that there must be a reasonable possibility of a successful reorganization within a reasonable time." United States Association of Texas v. Timbers of Inwood Forest Associates, Ltd., 484 U.S. 365, 375-76 (1988). The Debtor has expressed its hope to PNCEF since May, 2009 that it could obtain financing from some source in the world. Given that the proffered financing from a source inside or outside of the United States has not been consummated after the passage of over one year, it is unlikely that it could now be obtained to fund an effective reorganization within a reasonable time hereafter.

PNCEF, LLC requests that this Court enter an Order:

A.      Granting it relief from the automatic stay provisions of the Bankruptcy Code so that PNCEF may proceed with its state law remedies.

B.      Prohibiting the Debtor from using, leasing or selling the Equipment in the absence of adequate protection of PNCEF's interest in the Equipment; and

C.      Granting such other and further relief as is just and proper.

                                                    PLUNKETT COONEY
                                                    Attorneys for PNCEF, LLC

Dated: August 11, 2010                     By: ___/s/ *Brandt N. Hardy*_____
                                                    Brandt N. Hardy (Attorney No. 8101-49)
                                                    300 N. Meridian St., Suite 990
                                                    Indianapolis, IN 46204
                                                    Telephone: (317) 964-2732
                                                    FAX: (317) 964-2744
                                                    Email: bhardy@plunkettcooney.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2010, a copy of this document was served by the Court's electronic filing system to the following parties or counsel of record, as well as any other parties or counsel of record in this matter:

Jeffrey M. Hester
TUCKER HESTER, LLC
jeff@tucker-hester.com

U.S. Trustee
ustpregionlo.in.ecf@usdoj.com

Joseph F. McGonigal
Office of U.S. Trustee
joe.mcgonigal@usdoj.gov

KC Cohen
kc@esoft-legal.com

I further certify that on August 11, 2010, a copy of this document was served by regular first-class mail, postage prepaid, to the following parties at their respective addresses:

Great Lakes AG, LLC
1290 N. Shoop Avenue, Suite 140
Wauseon, OH  43567

Vreba Hoff Dairy Development
1290 N. Shoop Ave., Suite 140
Wauseon, OH  43567

Crop Production Services/
Saline Farm Cen
9325 W. Michigan Avenue
Saline, MI  48176

Internal Revenue Service
P.O. Box 21126
Philadelphia, PA  19114

Briskey Brothers Construction, Inc.
8360 N. Adrian Highway
P.O. Box 426
Tecumseh, MI  49286

Midwest Ag Investments, LLC
1290 N. Shoop Ave., Suite 140
Wauseon, OH  43567

Homier & Sons, Inc.
119 N. Hyman Street
P.O. Box 429
Payne, OH  45880

Crop 1 Insurance Co.
5400 University Avenue
West Des Moines, IA  50266

K & L Tractor Sales, Inc.
1737 ST RT 49
Fort Recovery, OH  45846

Manders Equipment, LLC
11190 Range Line Road
Weston, OH  43569

Crop Production Services/ Morceni
209 E. Coomer Street
Morenci, MI  49256

Ohio CAT
3993 E. Royalton Road
Cleveland, OH  44147

| | |
|---|---|
| Shrader Tire & Oil, Inc.<br>2045-51 Sylvania Avenue<br>P.O. Box 5407<br>Toledo, OH  43613 | CNH Capital<br>P.O. Box 1083<br>Evansville, IN  47706-1083 |
| Darby Ready Mix Concrete Co.<br>11200 Herold Highway<br>Addison, MI  49220 | Purdy Tractor & Equipment, Inc.<br>3380 Hudson Road<br>P.O. Box 772<br>Hillsdale, MI  49242 |
| Eric Bleich<br>13340 Stewart Road<br>Hudson, MI  49247 | Vesco Oil Corporation<br>P.O. Box 525<br>Southfield, MI  48037-0525 |
| Arrow Uniform-Taylor, LLC<br>6400 Monroe Boulevard<br>Taylor, MI  48180 | Weinlander Fitzhugh, CPA<br>1600 Center Avenue<br>P.O. Box 775<br>Bay City, MI  48707 |
| Briskey Farms<br>8360 N. Adrian Highway<br>P.O. Box 426<br>Tecumseh, MI  49286 | Caterpillar Financial Services Corp.<br>2120 West End Avenue<br>Nashville, TN  37203-0001 |

*/s/ Brandt N. Hardy*
PLUNKETT COONEY
300 N. Meridian St., Suite 990
Indianapolis, IN 46204
Telephone: (317) 964-2732
FAX: (317) 964-2744
Email: bhardy@plunkettcooney.com

Open.03654.92541.5002080-1